**FOREST CONSERVATION COUNCIL; et al., Plaintiffs—Appellants,**

v.

**UNITED STATES FOREST SERVICE, Defendant—Appellee.**

No. 05–35166.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Oct. 5, 2006.

David Scott Mann, Esq., Gendler & Mann LLP, Seattle, WA, Brian S. Dunkiel, Esq., Shems Dunkiel & Kassel PLIC, Burlington, VT, Steven Sugarman, Esq., Belin & Sugarman, Santa Fe, NM, for Plaintiffs–Appellants.

Lisa E. Jones, Esq., Brian C. Toth, Esq., U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, Cynthia S. Huber, Esq., U.S. Attorneys Office Environment and Natural Resources Div Department of Justice, Washington, DC, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: SCHROEDER, Chief Circuit Judge, KLEINFELD and BEA, Circuit Judges.

## MEMORANDUM *

Appellants Forest Conservation Council et al. appeal the district court's grant of summary judgment in favor of the United States Forest Service ("USFS") on their claim USFS violated the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 et seq., and the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321 et seq., in failing to monetize nontimber resources when USFS authorized four timber sales from four national forests. We affirm.

The NFMA establishes a two-step process for forest planning. *See Native Ecosystems Council v. United States Forest Serv.,* 418 F.3d 953, 957 n. 1 (9th Cir.2005). First, USFS develops and maintains a forest plan, or Land Resource Management Plan ("LRMP"), that determines what outputs a national forest shall produce. *See* 16 U.S.C. § 1604(a); *Native Ecosystems Council,* 418 F.3d at 957 n. 1. Second, USFS implements the LRMP by approv-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing or disapproving site-specific acts such as timber sales that are consistent with the LRMP. *See* 16 U.S.C. § 1604(i); *Native Ecosystems Council,* 418 F.3d at 957 n. 1. Nothing in the NFMA or the regulations USFS promulgated in 1982 requires site-specific analyses to monetize nontimber resources. 36 C.F.R. § 219.12(g)(3)(ii) of the 1982 regulations requires "the expected real-dollar value" of forest outputs to be monetized at the LRMP level, but this requirement does not apply to USFS's analyses of site-specific acts. *See id.* § 219.12(a); *see also* § 219.4(b)(3) (equating forest plans with LRMPs).

Nor does NEPA require monetization of nontimber resources. NEPA's mandate to agencies is essentially procedural. *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council,* 435 U.S. 519, 558, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). Those procedures do not include a requirement that agencies monetize outputs related to different alternatives. *See* 40 C.F.R. § 1502.23.

Finally, we fail to find merit in FCC's claim the district court erred in striking two USFS publications. USFS correctly points out this claim is based on incorrect facts, and FCC agrees there is no dispute as to the contents of the administrative record.

FCC's claim USFS had to monetize nontimber resources in its site-specific timber sale analyses fails. Accordingly, the judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.